Corey TURNER *v.* STATE of Arkansas

CA CR 05-912                                              229 S.W.3d 588

Court of Appeals of Arkansas
Opinion delivered February 22, 2006

*Witt Law Firm*, by: *Ernie Witt*, for appellant.

*Mike Beebe*, Ark. Att'y Gen, by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Chief Judge. This is an appeal from a conditional guilty plea to possession of a controlled substance with intent to deliver, for which appellant was sentenced to twelve years' imprisonment. On appeal, he argues that the police officer did not have probable cause to conduct the search that disclosed over fifty pounds of cocaine concealed in a false bed of the pickup truck in which he was a passenger. We affirm.

The record shows that neither the driver nor the passenger owned the vehicle but that both were using it with the permission of a third party for whom they were working. The police officer testified that he asked the driver for permission to search the truck and that the driver verbally consented.

One of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent, and a co-occupant has the authority to consent to a search. *King v. State*, 262 Ark. 342, 557 S.W.2d 386 (1977). In *Love v. State*, 355 Ark. 334, 138 S.W.3d 676 (2003), the Arkansas Supreme Court said:

> The determination of third-party consent, like other factual determinations relating to searches and seizures, must be judged against an objective standard. *See Hilliard v. State*, 321 Ark. 39, 900 S.W.2d 167 (1995). Simply stated, that standard is: would the facts available to the police officer at the moment warrant a man of reasonable caution to believe that the consenting party had authority over the premises? *See id.* This court has recognized that a warrantless search can be valid where voluntary consent has been given by a third party with sufficient control or authority over the premises. *See Spears v. State*, 270 Ark. 331, 605 S.W.2d 9 (1980). Whether consent by that party is valid under the Fourth Amendment standards rests upon mutual use of the property by persons generally having joint access or control for most purposes. *See Grant v. State*, 267 Ark. 50, 589 S.W.2d 11 (1979). The pertinent question is whether the one giving consent possesses common authority or other sufficient relationship to the premises. *See id.*

*Id.* at 341-42, 138 S.W.3d at 680.

Appellant argues that the police officer's search of the exterior of the pickup truck after the search of the interior yielded no evidence of contraband exceeded the scope of the search to which the driver consented. Appellant concedes that the driver consented to a search of the truck but argues that the consent was limited to the interior.

In reviewing a circuit court's denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error, giving due weight to inferences drawn by the trial court. *State v. Harmon*, 353 Ark. 568, 113 S.W.3d 75 (2003). On our de novo review of the record, we conclude that the driver of the vehicle generally consented to the search of the vehicle without limiting the scope of the search to the interior. Furthermore, after searching the vehicle's interior, the police officer observed modifications and irregularities beneath the bed of the truck that were, according to his training and experience, indicative of a false compartment commonly used for the concealment of contraband. The record shows that the driver did not object to the examination of the exterior of the vehicle and that he failed to object even when the police officers began drilling the holes in the bed of the truck that resulted in the discovery of the packaged cocaine.[1] We conclude that the search of the vehicle's exterior was within the scope of the consent granted by the driver and that the police officer's observations of modifications beneath the bed of the truck indicative of a false compartment for the concealment of contraband gave rise to probable cause to perform the more intrusive search of drilling holes in the truck's bed.

Affirmed.

GLOVER and ROAF, JJ., agree.

---

[1] In a similar case, the United States Court of Appeals for the Eighth Circuit has held that a driver's failure to object to such a procedure, performed in his presence, made it objectively reasonable for the police officer to conclude that it was within the scope of the consent granted by the driver. *See United States v. Martel-Martines*, 988 F.2d 855 (8th Cir. 1993).